David B. Simpson, Bar No. 106326
david@simpsonemploymentlaw.com
Jamin Xu, Bar No. 320991
jxu@fordharrison.com
FORD & HARRISON LLP
350 South Grand Avenue, Suite 2300
Los Angeles, California 90071
T: (213) 237-2400
F: (213) 237-2401

Attorneys for Defendants KELLY MITCHELL GROUP, INC. and XANDR INC.

Tamara I. Devitt, Bar No. 209683
tamara.devitt@haynesboone.com
Matthew E. Costello, Bar No. 295062
matthew.costello@haynesboone.com
HAYNES & BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, California 92626
T: (949) 202-3000
F: (949) 202-3001

Attorneys for Defendant, XANDR INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREI STETSYK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KELLY MITCHELL GROUP, INC., a corporation; XANDR, INC., a corporation; and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:20-cv-03941-FLA (RAOx)<br><br>[Assigned to the Hon. Fernando L. Aenlle-Rocha, Courtroom 10A]<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR COSTS UNDER FED. R. CIV. P. 54(D), AND L.R. 54-3.1 AND L.R. 54-3.5**<br><br>Action Filed:   March 30, 2020 |

///

///

Pursuant to Fed. R. Civ. P. 54(d), and L.R. 54-3.1 and L.R. 54-3.5, Defendants KELLY MITCHELL GROUP, INC. and XANDR INC. (collectively, "Defendants") hereby submit this memorandum of points and authorities in support of their Application to Tax Costs (CV-59) associated with the depositions and filing fees in the amount of **$16,083.58** incurred by Defendants in this action.

## I. INTRODUCTION

Defendants' Application to Tax Costs for their deposition and filing fees in the amount of $16,083.58 should be granted in its entirety. Defendants were granted summary judgment on April 16, 2021 and are therefore the prevailing parties in this action. [Dkt. 65] Furthermore, Defendants initially filed their Motion for Summary Judgment back on December 7, 2020 and relied on evidence produced by Defendants indicating that they had begun discussing the termination of Plaintiff's job assignment with Defendant Xandr as early February 26, 2019. [Dkt. 34] Nonetheless, Plaintiff continued to litigate this matter in the following months. Notably, Plaintiff noticed the depositions of 8 corporate witnesses even though these depositions ultimately did not change the fact that Defendants already decided to proceed with Plaintiff's termination before Plaintiff provided his only notice to Defendants of his alleged disability on around March 15, 2019. Because Plaintiff's litigation of this matter is frivolous, unreasonable, and groundless at both the outset, and certainly by December 7, 2020, Defendants are entitled to the full recovery of their requested costs in the amount of $16,083.58.

## II. ARGUMENTS

### A. Defendants are Entitled to Recover Deposition and Filing Costs as the Prevailing Party

"Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "codifies a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). In

1  discrimination cases under the California Fair Employment and Housing Act
2  ("FEHA"), "a prevailing defendant shall not be awarded fees and costs unless the
3  court finds the action was frivolous, unreasonable, or groundless when brought, or
4  the plaintiff continued to litigate after it clearly became so." Cal. Gov. Code § 12965
5  (b). Significantly, an award of costs may be based on a finding that the plaintiff's
6  claim(s) were "frivolous, unreasonable, or groundless, ***or that the plaintiff continued***
7  ***to litigate after it clearly became so***." *Christiansburg Garment Co. v. EEOC*, 434
8  U.S. 412, 422 (1978) (Emphasis added). Importantly, this standard does not require
9  a showing that that claims were brought in subjective bad faith. *Christiansburg*, 434
10 U.S. at 421.

11 Here, Defendants are the prevailing party, because they were granted summary
12 judgment as to each of Plaintiff's claims for disability discrimination, failure to
13 engage in the interactive process, failure to provide reasonable accommodations,
14 retaliation in violation of the FEHA, failure to prevent discrimination and retaliation,
15 and wrongful termination against Defendants. [Dkt. 65] As the prevailing party,
16 Defendants are entitled to recover costs incurred in this action.

17 Specifically, Plaintiff's continued litigation of this matter was frivolous,
18 unreasonable and groundless, because each of Plaintiff's causes of action relied
19 solely on a vague doctor's note that failed to adequately provide notice of his alleged
20 disabilities prior to Defendants' decision to terminate his job assignment. Plaintiff
21 insisted on taking 8 corporate witness depositions in January 2021 even after
22 Defendants provided documents and other written discovery conclusively showing
23 that Defendants' decision to terminate Plaintiff's job assignment was made in
24 February 2019, or even earlier, before he submitted his March doctor's note. In fact,
25 Defendants initially filed their Motion for Summary Judgment on December 7, 2020
26 on these very grounds. [Dkt. 34] Plaintiff's own Opposition to Defendants' Motion
27 for Summary Judgment even conceded that the termination decision was made by at
28 least "March 14 or 15, 2019" [Dkt. 55, p.17:3 and p.20:12], and his Separate

Statement admits both that the "*termination decision was documented*" by "**March 14 or 15, 2019**." [Dkt. 55-1, p.25:20-22] and that UF No.28 is "Undisputed," that a "**March 15, 2019** *email. . .documented that [a] decision to terminate Plaintiff*" had already been made. [*Id*., p.30:8-14]. Nonetheless, Plaintiff insisted on taking these depositions, necessitating the costs that Defendants now seek to recover under L.R. 54-3.5 in addition to requiring supplemental briefing on Defendants' Motion for Summary Judgment.

In fact, by the time of these depositions in January 2021, Defendants produced numerous email correspondences between the corporate witnesses, establishing that a conversation discussing the termination of Plaintiff's job assignment, commenced well before March 14-15 2019. Ultimately, Plaintiff's contentions on immaterial facts such as the precise date on which Defendants' decision to terminate Plaintiff was made (even though the parties agreed that it occurred before Plaintiff's submission of his March doctor's note) had no bearing on whether Defendants were entitled to summary judgment. [Dkt. 65, at 13] Therefore, his continued deposition of Defendants' corporate witnesses and requested supplemental briefing were all frivolous, unreasonable, and groundless.

For these reasons, Defendants are entitled to recover costs associated with the numerous depositions taken in this matter. Furthermore, while this determination must be made on a case-by-case basis, courts often look to several factors to determine whether a claim is frivolous: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Lial v. County of Stanislaus*, 2011 U.S. Dist. LEXIS 4435, *3 (E.D. Cal. 2011) (citing *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985)). Here, these factors each bolster Defendant's entitlement to award of the requested costs.

Here, like in *Lial,* each of the relevant factors supports a finding of frivolity. First, Plaintiff did not establish their prima facie case, because Plaintiff was unable

to provide any evidence that his physical condition was a substantial motivating factor in his termination of job assignment, based on the fact that his job assignment was terminated before Defendants even received notice of his alleged disability.

Further, like in *Lial,* Court granted summary judgment in Defendants favor. (ECF No. 65.) "Cases where findings of 'frivolity' have been sustained typically have been decided in the defendant's favor on a motion for summary judgment" where the plaintiff "did not introduce any evidence to support their claims." *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (collecting cases); *Lial v. Cty. Of Stanislaus*, No. CV F 09-1039 LJO JLT, 2011 WL 92012, at *3 (E.D. Cal. Jan. 11, 2011) (quoting *Sullivan*).

At bottom, Plaintiff's claims were frivolous, based on an unreasonable reading of the evidence, and were entirely without foundation. The Court should award Defendants their costs incurred as a result of Plaintiff's insistence on litigating this matter even after it became even clearer that their claims were frivolous if it was not so at the outset.

### B. <u>Defendant's Costs Are Reasonable</u>

28 U.S.C. § 1920 ("Section 1920") enumerates the types of "costs" that are recoverable under Rule 54(d)." *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565, 132 S. Ct. 1997, 2001, 182 L. Ed. 2d 903 (2012). Those costs include:
1) Fees of the clerk and marshal;
2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

28 U.S.C. § 1920; These categories are also explicitly provided for in Central District L.R. 54-3; *see also Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994) (explaining "expenses related to discovery" are recoverable); *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992) (allowing reimbursement of "out-of-pocket" expenses such as "travel, courier and copying costs."), *vacated in other part by* 984 F.2d 345, 345 (9th Cir. 1993); *Trs. of Constr. Indus. & Laborers'*

*Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1258-1259 (9th Cir. 2006) ("reasonable charges for computerized research may be recovered.").

For these reasons, Defendants' conservative request for costs in this matter for only filing fees and costs for deposition in this action were accurately billed and incurred in this action. Defendants should be reimbursed for the full amount of their requested costs. A true and correct of receipts/invoices for these costs have been attached to the accompanying declaration of Jamin Xu.

### III. CONCLUSION

For the foregoing reasons, Defendants request the Court award $16,083.58 in costs to Defendants against Plaintiff.

Dated: April 30, 2021

FORD & HARRISON LLP

By: */s/ Jamin Xu*
David Simpson
Jamin Xu
Attorneys for Defendants
KELLY MITCHELL GROUP, INC.
and XANDR INC.